**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fikirite Fentaw Eshetu, | No. CV-24-03190-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Amazon Human Resource, | |
| Defendant. | |

Before the Court is Defendant's Motion to Dismiss (Doc. 6), Plaintiff's Response (Doc. 8), and Defendant's Reply (Doc. 9). For the reasons that follow, the Motion will be granted without prejudice.

**I.    BACKGROUND**

Pro se Plaintiff Fikirite Fentaw Eshetu is a former employee of Amazon's PHX 6 warehouse whose employment was terminated on May 21, 2022. (Doc. 1-2 at 8). Plaintiff alleges that she faced discrimination at her workplace and was terminated due to her age, race, and national origin. (*Id.* at 9). Plaintiff further alleges that her termination was in retaliation for her complaints about workplace harassment, intimidation, and discrimination from her fellow employees and supervisors. (*Id.*).

On April 30, 2024, Plaintiff filed suit against Defendant Amazon Human Resources in Maricopa County Superior Court. (Doc. 1-2). Defendant was not served until October 23, 2024. (Doc. 1-5 at 2). On November 13, 2024, Defendant removed the case to federal court. (Doc. 1).

## II.   LEGAL STANDARD

"To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8." *Jones v. Mohave Cnty.*, No. CV 11-8093-PCT-JAT, 2012 WL 79882, at *1 (D. Ariz. Jan. 11, 2012); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 203 (5th Cir. 2016) (Rule 12(b)(6) provides "the one and only method for testing" whether pleading standards set by Rule 8 and 9 have been met); *Hefferman v. Bass*, 467 F.3d 596, 599–600 (7th Cir. 2006) (Rule 12(b)(6) "does not stand alone," but implicates Rules 8 and 9). Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *In re Sorrento Therapeutics, Inc. Secs. Litig.*, 97 F.4th 634, 641 (9th Cir. 2024) (citation omitted). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc*., 706 F.3d 1017, 1019 (9th Cir. 2013). "Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation." *Jones*, 2012 WL 79882, at *1 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## III.   DISCUSSION

Defendant argues that dismissal is warranted because Plaintiff did not timely file an administrative charge with the EEOC for her discrimination claims. (Doc. 6 at 1).

To pursue a civil action for discrimination under Title VII or the ADEA, a plaintiff must first exhaust administrative remedies before seeking adjudication of her claims. *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002); 42 U.S.C. § 2000e–5; 29 U.S.C. § 626(d); *Albano v. Schering-Plough Corp.*, 912 F.2d 384, 386 (9th Cir. 1990). This requirement

serves the important purpose of providing the EEOC an opportunity to investigate discriminatory practices and perform its roles of obtaining voluntary compliance and promoting conciliation. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002), *abrogated on other grounds by Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541 (2019). Exhaustion of administrative remedies requires the claimant to file a timely charge with the EEOC. *Lyons*, 307 F.3d at 1104. In Arizona, a Title VII claim must be filed within 300 days of the alleged unlawful employment practice in order to be timely. *See Hernandez v. Maricopa Cnty. Cmty. Coll. Dist.*, No. CV-21-00742-PHX-DJH, 2022 WL 103528, at \*4 (D. Ariz. Jan. 11, 2022); *see also Day v. LSI Corp.*, 174 F. Supp. 3d 1130, 1163 (D. Ariz. 2016). When the EEOC dismisses a claim, it must notify the claimant of the dismissal and that he or she has 90 days to bring a Title VII civil action. *Scholar v. Pac. Bell*, 963 F.2d 264, 266 (9th Cir. 1992) (citing 42 U.S.C. § 2000e–5(f)(1) (1988)). This 90-day period serves as a statute of limitations, and a claim is time-barred if a claimant fails to file within those 90 days. *Id.*

Filing a timely EEOC charge "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). For a statute of limitations to be equitably tolled, plaintiffs "must establish that they pursued their rights diligently and that some extraordinary circumstances stood in the way." *WildEarth Guardians v. U.S. Dep't of Just.*, 181 F. Supp. 3d 651, 671 (D. Ariz. 2015). Such "extraordinary circumstances include situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* (internal quotation marks omitted); *see also Samaniego-Lugo v. Ryan*, No. CV-11-00623-TUC-RCC, 2013 WL 1789503, at \*2 (D. Ariz. Apr. 26, 2013) ("In some cases, mental illness can constitute an extraordinary circumstance beyond a petitioner's control that warrants equitable tolling."); *Cruz v. Ramirez-Palmer*, 50 F. App'x 367, 367 (9th Cir. 2002) (serious illness may warrant equitable tolling).

In this case, Plaintiff's Complaint lacks information on her pursuit of her administrative remedies through the EEOC. Defendant's Motion provides Plaintiff's EEOC charge form, which reveals that Plaintiff filed her charge with the EEOC on February 5, 2024, well beyond 300 days since the last alleged unlawful employment practice, which occurred on May 21, 2022. (Docs. 6-1 at 4; 1-2 at 8). However, at the motion to dismiss stage, courts generally cannot consider evidence outside the pleadings without converting the Fed. R. Civ. P. ("Rule") 12(b)(6) motion into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). Because Defendant failed to follow the Federal Rules of Civil Procedure or the Court's local rules for filing a Motion for Summary Judgment, the Court declines to convert the Motion to Dismiss into a Motion for Summary Judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(d) ("If on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56").

Instead, because Plaintiff did not allege facts demonstrating that she exhausted her administrative remedies with the EEOC as required before filing this suit, the Court will grant Defendant's Motion to Dismiss without prejudice and grant Plaintiff leave to amend to supplement her Complaint with such facts. Additionally, if Plaintiff did not timely file her EEOC charge but believes that equitable tolling, estoppel, or waiver should toll the 300-day filing requirement, Plaintiff may supplement her Complaint with additional facts that support her tolling argument.

## IV.    **CONCLUSION**

"[W]e have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted). Furthermore, a district court must provide pro se litigants notice of deficiencies in their complaints and allow them opportunity to amend before dismissing the complaint. *Id.* "A district court should not dismiss a pro se complaint without leave to amend unless it is

absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (internal quotation marks omitted).

Here, it appears possible for Plaintiff to allege facts showing the steps she took to exhaust her administrative remedies with the EEOC. Additionally, it may be possible for Plaintiff to allege facts showing that the statute of limitations was tolled. If she can do so, Plaintiff may file an amended complaint. *Ajanovic v. O.F.F. Enters., Ltd.*, No. CV10-2487-PHX-DGC, 2012 WL 549876, at *2 (D. Ariz. Feb. 21, 2012) (granting leave to amend to allow opportunity to address the tolling of the statute of limitations). Any such complaint must specifically set forth facts demonstrating that she filed an EEOC charge, the grounds on which the statute of limitations may have been tolled, and facts in support of those grounds.[1] Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 6) is **granted**, and Plaintiff's Complaint is **dismissed without prejudice.**

**IT IS FURTHER ORDERED** that on or before **February 28, 2025**, Plaintiff may file an amended Complaint curing the defects identified in this Order. If Plaintiff does not do so, the action will be dismissed without further notice.

Dated this 28th day of January, 2025.

Honorable Steven P. Logan
United States District Judge

---

[1] Should Plaintiff file an amended complaint, and should Defendant believe the amended complaint fails to state a claim, Plaintiff must cooperate with Defendant's efforts to meet and confer regarding the asserted deficiencies in accordance with LRCiv 12.1(c). If Defendant is still unable to reach Plaintiff, any certification of conferral filed by Defendant must state specifically how and when Defendant made its attempts to contact Plaintiff.