**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fikirite Fentaw Eshetu,<br><br>              Plaintiff,<br><br>vs.<br><br>Amazon Human Resource,<br><br>              Defendant. | No. CV-24-03190-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant's Second Motion to Dismiss (Doc. 15), Plaintiff's Response (Doc. 17), and Defendant's Reply (Doc. 18). The Court now rules as follows.

**I.    BACKGROUND**

Pro se Plaintiff Fikirite Fentaw Eshetu is a former employee of Amazon's PHX 6 warehouse whose employment was terminated on May 21, 2022. (Doc. 1-2 at 8). Plaintiff alleges that she faced discrimination at her workplace and was terminated due to her age, race, and national origin. (*Id.* at 9). Plaintiff further alleges that her termination was in retaliation for her complaints about workplace harassment, intimidation, and discrimination from her fellow employees and supervisors. (*Id.*).

On April 30, 2024, Plaintiff filed suit against Defendant Amazon Human Resources in Maricopa County Superior Court. (Doc. 1-2). Defendant was not served until October 23, 2024. (Doc. 1-5 at 2). On November 13, 2024, Defendant removed the case to federal court. (Doc. 1). Defendant filed a Motion to Dismiss on November 20, 2024. (Doc. 6). The Court granted that Motion on January 28, 2025, finding that Plaintiff failed to allege facts

demonstrating that she exhausted her administrative remedies with the EEOC as required before filing the present action. (Doc. 12). The Court granted Plaintiff leave to amend to allege facts that she timely filed an EEOC charge prior to filing this action, or alternatively, facts supporting an argument that equitable tolling, estoppel, or waiver should toll the 300-day filing requirement for an EEOC charge. (*Id.* at 4). On February 13, 2025, Plaintiff filed an Amended Complaint that appears to serve as a supplement to her initial complaint (Doc. 13), and on February 21, 2025, Plaintiff filed a Supplement to her Amended Complaint (Doc. 14). Defendant subsequently filed the present Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 15).

## II.    LEGAL STANDARD

"To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8." *Jones v. Mohave Cnty.*, No. CV 11-8093-PCT-JAT, 2012 WL 79882, at *1 (D. Ariz. Jan. 11, 2012); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 203 (5th Cir. 2016) (Rule 12(b)(6) provides "the one and only method for testing" whether pleading standards set by Rule 8 and 9 have been met); *Hefferman v. Bass*, 467 F.3d 596, 599–600 (7th Cir. 2006) (Rule 12(b)(6) "does not stand alone," but implicates Rules 8 and 9). Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *In re Sorrento Therapeutics, Inc. Secs. Litig.*, 97 F.4th 634, 641 (9th Cir. 2024) (citation omitted). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). "Nonetheless, the Court does not

have to accept as true a legal conclusion couched as a factual allegation." *Jones*, 2012 WL 79882, at *1 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### III. DISCUSSION

As stated in the Court's January 28, 2025 Order (Doc. 12 at 2–3), to pursue a civil action for discrimination under Title VII or the ADEA, a plaintiff must first exhaust administrative remedies before seeking adjudication of her claims. *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002); 42 U.S.C. § 2000e–5; 29 U.S.C. § 626(d); *Albano v. Schering-Plough Corp.*, 912 F.2d 384, 386 (9th Cir. 1990). This requirement serves the important purpose of providing the EEOC an opportunity to investigate discriminatory practices and perform its roles of obtaining voluntary compliance and promoting conciliation. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002), *abrogated on other grounds by Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541 (2019). Exhaustion of administrative remedies requires the claimant to file a timely charge with the EEOC. *Lyons,* 307 F.3d at 1104. In Arizona, a Title VII claim must be filed within 300 days of the alleged unlawful employment practice in order to be timely. *See Hernandez v. Maricopa Cnty. Cmty. Coll. Dist.*, No. CV-21-00742-PHX-DJH, 2022 WL 103528, at *4 (D. Ariz. Jan. 11, 2022); *see also Day v. LSI Corp.*, 174 F. Supp. 3d 1130, 1163 (D. Ariz. 2016). When the EEOC dismisses a claim, it must notify the claimant of the dismissal and that he or she has 90 days to bring a Title VII civil action. *Scholar v. Pac. Bell*, 963 F.2d 264, 266 (9th Cir. 1992) (citing 42 U.S.C. § 2000e–5(f)(1) (1988)). This 90-day period serves as a statute of limitations, and a claim is time-barred if a claimant fails to file within those 90 days. *Id.*

The Court finds that Plaintiff's Amended Complaint sheds light on the status of her administrative remedies. Plaintiff's Amended Complaint alleges that she filed a charge of discrimination with the EEOC on February 5, 2024. (Doc. 13 at 1). The Amended Complaint also includes as an attachment a Dismissal and Notice of Rights letter from the EEOC, dated February 9, 2024, in which the EEOC rejected the charge because it was untimely filed and provided Plaintiff Notice of her Right to Sue within 90 days of receipt

of that Notice. (Doc. 13-1 at 2). Thus, the Court finds that Plaintiff filed her charge with the EEOC on February 5, 2024, well beyond 300 days since the last alleged unlawful employment practice, which occurred on May 21, 2022, and is therefore time-barred.

Filing a timely EEOC charge "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). For a statute of limitations to be equitably tolled, plaintiffs "must establish that they pursued their rights diligently and that some extraordinary circumstances stood in the way." *WildEarth Guardians v. U.S. Dep't of Just.*, 181 F. Supp. 3d 651, 671 (D. Ariz. 2015). Such "extraordinary circumstances include situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* (internal quotation marks omitted); *see also Samaniego-Lugo v. Ryan*, No. CV-11-00623-TUC-RCC, 2013 WL 1789503, at *2 (D. Ariz. Apr. 26, 2013) ("In some cases, mental illness can constitute an extraordinary circumstance beyond a petitioner's control that warrants equitable tolling."); *Cruz v. Ramirez-Palmer*, 50 F. App'x 367, 367 (9th Cir. 2002) (serious illness may warrant equitable tolling).

In this case, Plaintiff sets forth no facts showing that the statute of limitations should be tolled as this Court instructed in its January 29, 2025 Order. (Doc. 12 at 5). In Plaintiff's Supplement to her Amended Complaint, Plaintiff provides an attestation that she went to the EEOC office and received the contact information of EEOC Supervisory Investigator Patricia Miner. (Doc. 14 at 2). Plaintiff states that she called Patricia Miner before leaving the EEOC office, that Ms. Miner emailed Plaintiff a pre-charge inquiry form, and that Ms. Miner subsequently sent her the EEOC Charge of Discrimination Form. (*Id.*). Plaintiff attached various emails from Ms. Miner. (*Id.* at 3–6). These emails indicate that the initial phone call between Ms. Miner and Plaintiff took place on January 25, 2024 (*Id.* at 3), and that Ms. Miner correctly informed Plaintiff that her Pre-Charge Inquiry form indicated that she had missed the 300-day deadline for timely filing an EEOC charge. (*Id.* at 4).

4

Additionally, a February 1, 2024 email from Ms. Miner informed Plaintiff that the EEOC does "not deny anyone the right to file a Charge of Discrimination" and that she would send a form if Plaintiff wished to proceed; explained that the EEOC would process it, close the case, and issue a Notice of Right to Sue; and advised that Plaintiff "would have to file a lawsuit in state or federal court to proceed" and attached an attorney list. (*Id.*). Plaintiff does not assert that she attempted to contact the EEOC prior to January 25, 2024. As such, the Court finds that this is not a case in which an EEOC representative misinformed or misled Plaintiff about her claim and, in doing so, caused her to fail to exhaust her administrative remedies. *See Josephs v. Pac. Bell*, 443 F.3d 1050, 1054 (9th Cir. 2006) ("An equitable exception to the exhaustion requirement is available when an EEOC representative misleads the plaintiff concerning his claim.").

Additionally, the Court cannot conclude that equitable tolling is warranted from any other facts included in the Amended Complaint. Attached to the Amended Complaint is what appears to be an email regarding an "Appointment Follow-Up" from "Ironwood Cancer & Research Centers." (Doc. 13-1 at 5). From this alone, the Court cannot infer that "extraordinary circumstances" prohibited Plaintiff from diligently pursuing her rights. Notably, the email seeks Plaintiff to confirm an appointment on April 16, 2024, which was nearly two years after the last alleged unlawful employment practice. (*Id.*). Although Plaintiff asserted in her Response to Defendant's first Motion to Dismiss that "I have been going through a lot . . lymphoma," (Doc. 8 at 4) and appears to indicate in her Response that she has or had lymphoma (Doc. 17 at 4), Plaintiff did not provide any further factual allegations in her Amended Complaint regarding any illness, how she diligently pursued her rights prior to the EEOC filing deadline, or how any illness stood in the way of her pursuing those rights. In her Response, Plaintiff also references a trip to Africa and asserts that she returned to the United States in September 2023 (*Id.* at 6), but she does not provide any information as to when she initially left the United States for Africa or why she was unable to pursue her EEOC charge before she left or after she returned in September 2023.

All told, Plaintiff's Amended Complaint reveals that she untimely filed her EEOC

charge after the 300-day deadline. Plaintiff has not demonstrated that this deadline should be equitably tolled, and therefore, dismissal is warranted. However, "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks omitted). Here, additional facts may exist that warrant equitable tolling of untimely EEOC charge. As such, Plaintiff will be granted leave to file a Second Amended Complaint.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint must be dismissed. However, as noted in this Court's previous dismissal Order (Doc 12 at 4), district courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted). A district court must also provide pro se litigants notice of deficiencies in their complaints and allow them opportunity to amend before dismissing the complaint. *Id.*; *see also Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) ("We are very cautious in approving a district court's decision to deny pro se litigants leave to amend."). Thus, the Court will grant Plaintiff leave to amend to cure the deficiencies identified in this Order.

If Plaintiff chooses to file a Second Amended Complaint, Plaintiff should provide facts that plausibly show that, despite her due diligence, she was unable to discover facts during the limitations period suggesting that she was a victim of unlawful discrimination or that extraordinary circumstances prevented her from filing her charge with the EEOC within the 300-day time limit, if such facts exist. [1]

Plaintiff is advised that a Second Amended Complaint will supersede the original

---

[1] Should Plaintiff file an amended complaint, and should Defendant believe the amended complaint fails to state a claim, Plaintiff must cooperate with Defendant's efforts to meet and confer regarding the asserted deficiencies in accordance with LRCiv 12.1(c). If Defendant is still unable to reach Plaintiff, any certification of conferral filed by Defendant must state specifically how and when Defendant made its attempts to contact Plaintiff.

Complaint and the First Amended Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint and the First Amended Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action raised therein that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Accordingly,

**IT IS ORDERED** that Defendant's Second Motion to Dismiss (Doc. 15) is **granted.**

**IT IS FURTHER ORDERED** that on or before **June 4, 2025**, Plaintiff may file a Second Amended Complaint curing the defects identified in this Order. If Plaintiff does not file a Second Amended Complaint by that date, this action will be dismissed without further notice.

Dated this 7th day of May, 2025.

Honorable Steven P. Logan
United States District Judge